RECEIVED
IN ALEXANDRIA, LA

AUG 24 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

OSCAR JAMES                 DOCKET NO. 08-cv-0918; SEC. P
   DOC# 95034

VERSUS                      JUDGE DEE D. DRELL

CORRECTIONS CORPORATION OF     MAGISTRATE JUDGE JAMES D. KIRK
AMERICA, ET AL.

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed by Plaintiff Oscar James (#95034), pro se and in forma pauperis, on June 24, 2008. James is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC) and is currently incarcerated at J. L. Dabadie Correctional Center in Pineville. He complains of Eighth Amendment violations at Winn Correctional Center (WCC) in Winnfield, Louisiana. Plaintiff sought injunctive and declaratory relief.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### FACTS ALLEGED

Plaintiff filed the instant lawsuit seeking injunctive and declaratory relief on behalf of himself and seven other inmates, all of whom contemporaneously filed claims with this District Court. Plaintiff claimed that overcrowding at WCC and certain policies and procedures of LDOC and CCA have led to the violation

of his constitutional rights, as well as the rights of other inmates at WCC. Because Plaintiff provided the Court with over sixty pages of general allegations in his Complaint involving other inmates, he was ordered to amend his complaint to provide specific factual allegations to support the claim that **his** constitutional rights were violated. [Doc. #8] The order was returned to the clerk marked "Undeliverable." After Plaintiff filed a notice of change of address, the clerk resent the order to Plaintiff at the updated address. Plaintiff sought an extension of time to amend the complaint, which was granted, and Plaintiff's amended complaint was ultimately filed on June 4, 2009. In the amended complaint, Plaintiff narrowed his claims for injunctive and declaratory relief, identifying two claims that involved himself and the defendants. One claim identified by Plaintiff was unconstitutional conditions of confinement – Plaintiff alleged that he was deprived adequate clothing and blankets for the first three months that he was incarcerated at WCC. The second claim identified by Plaintiff was the denial of medical treatment for a severely decayed tooth.

## LAW AND ANALYSIS

In his original and amended complaints, Plaintiff sought injunctive and declaratory relief against the defendants at Winn Correctional. According to the record, Plaintiff arrived at WCC in August 2007. He was transferred out of that institution on or before December 12, 2008 when the Court's order was returned to the

2

clerk of court. On January 13, 2009, the Court learned that Plaintiff had been transferred to J. L. Dabadie Correctional Center. The transfer of a prisoner out of an allegedly offending institution generally renders his claims for declaratory and injunctive relief moot. See Herman v. Holiday, 238 F.3d 660 (5th Cir. 2001)(citing Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1081 (5th Cir. 1991). In order for Plaintiff's claims to remain viable, he would have to establish a "demonstrated probability" or a "reasonable expectation" that he would again be incarcerated at Winn Correctional. See Murphy v. Hunt, 455 U.S. 478, 482 (1982). At its most lenient, the standard is not "mathematically precise" and requires that Plaintiff show a reasonable likelihood of repetition. Honig v. Doe, 484 U.S. 305, 318-19 (1988). Plaintiff was incarcerated at WCC for less than eighteen months before being transferred to his current place of incarceration. Plaintiff is still incarcerated at JLDCC, and he has not presented any facts alleging or otherwise indicating a reasonable likelihood that he would be returned to WCC.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's claim for declaratory and injunctive relief be **DISMISSED as MOOT**.

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation**

3

have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this _____ day of ___August___, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE